200 Mich. App. 566 (1993)
505 N.W.2d 24
In re CLOSURE OF PRELIMINARY EXAMINATION
PEOPLE
v.
JONES
Docket No. 130042.
Michigan Court of Appeals.
Submitted May 11, 1993, at Grand Rapids.
Decided July 7, 1993, at 9:10 A.M.
Miller, Johnson, Snell & Cummiskey (by James S. Brady and Stephen R. Ryan), for Booth Newspapers, Inc.
Before: DOCTOROFF, C.J., and CONNOR and M.G. HARRISON,[*] JJ.
PER CURIAM.
Joseph Jones was charged with three counts of first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1), one count of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, two counts of felonious assault, MCL 750.82; MSA 28.277, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). His preliminary examination was scheduled in October 1989. When Booth Newspapers, Inc., publisher of The Grand Rapids Press, learned that motions had been filed to close the preliminary examination, it sought to intervene to challenge the closure of the hearing. Its motion to intervene was granted. After a hearing, the district *568 court ordered the complete closure of the preliminary examination. Booth's applications for emergency leave to appeal were denied by the circuit court and by this Court. Following a jury trial, defendant was convicted as charged. Booth appeals as of right from the order denying it access to the preliminary examination.
Although it appears that Booth's appeal is moot, we will review the issue raised because it is one of public significance and is likely to recur in the future yet evade appellate review. In re Midland Publishing Co, Inc, 420 Mich 148, 152, n 2; 362 NW2d 580 (1984); Booth Newspapers, Inc v 12th Dist Judge, 172 Mich App 688, 692, n 1; 432 NW2d 400 (1988). Moreover, no case addresses the applicable statute and some guidance is warranted. We believe that, although the district court correctly analyzed the statutory factors, it failed to narrowly tailor the order denying access to accommodate the interest being protected at the preliminary examination.
MCL 766.9(1); MSA 28.927(1) provides that a preliminary examination of a person charged with criminal sexual conduct may be closed to the public if the following conditions are met:
(a) The magistrate determines that the need for protection of a victim, a witness, or the defendant outweighs the public's right of access to the examination.
(b) The denial of access to the examination is narrowly tailored to accommodate the interest being protected.
(c) The magistrate states on the record the specific reasons for his or her decision to close the examination to members of the general public.
When determining whether to close a preliminary examination, a court is required to consider:

*569 (a) The psychological condition of the victim or witness.
(b) The nature of the offense charged against the defendant.
(c) The desire of the victim or witness to have the examination closed to the public. [MCL 766.9(2); MSA 28.927(2).]
The assault against the victim was brutal, and the sexual attack heinous. The victim testified that she requested the prosecutor to seek closure of the hearing, that she felt "ashamed and dirty" and did not want the public present, and that closure would help her. She did, however, state that she would testify if the hearing were open. No professional testimony was presented with regard to the victim's psychological condition. Defense counsel advised the court that the defendant desired a closed hearing to protect his right to a fair trial. The prosecutor did not seek total closure, but instead advised that he would be able to segregate the various aspects of the case.
The court applied the statutory criteria and determined that there were no "reasonable alternatives to closure that could adequately protect the victim's rights." The court found, referring to the victim, "I've watched her. I've looked at her psychological condition ... and she's quite clearly emotionally distraught over this matter, ... she's testified ... about nightmares, ... it is an emotional hearing for her. I think her psychological condition warrants the Court to protect her as best as possible...." The court also noted the nature of the charges and the victim's preference.
The decision to close a preliminary examination to the public is discretionary, subject to reversal only for an abuse of discretion. The record demonstrates that the district court complied with the *570 mandates of the statute. The court considered the psychological condition of the victim, her desire to close the preliminary examination, and the nature of the charges against the defendant. The court listened to the victim's testimony, observed her demeanor, and was in the best position to draw appropriate conclusions for which we discern no abuse of discretion. The reasons for the decision were stated on the record.
However, the bulk of the testimony presented at the examination did not concern the sensitive subject for which the court sought to protect the victim. Given the nature of this sensitive subject, the courtroom could easily have been cleared when the attorneys for the parties intended to inquire into that area. Clearly, no need existed to have excluded the public from opening statements, testimony from witnesses other than the victim, that portion of the victim's testimony not related to more personal aspects, closing arguments, and the court's ruling.
We express our concern over such broad denials of access to preliminary examinations. A balancing of rights and interests must be struck, but the legislative directive to the courts reflecting the public policy of this state is that any denial of access must be narrowly tailored to accommodate the interests sought to be protected to avoid the further abridgment of the right of access by appellant or those similarly situated.
During oral argument, Booth argued that the only appropriate remedy was to reverse defendant's conviction and begin with a new preliminary examination. No authority was cited for the proposition that, after a fully public trial, such a remedy is appropriate, and we decline to sanction such an approach. Moreover, the only published cases we have found where a conviction was reversed *571 were those in which the trial, not a preliminary hearing, was closed and the defendant objected to the closure.
Defendant's conviction is affirmed but the order of closure is reversed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.