*In re* PEOPLE v ATKINS

(THE DETROIT NEWS, INC and
THE DETROIT FREE PRESS, INC v
RECORDER'S COURT JUDGE)

Docket Nos. 98429, 98430. Decided March 29, 1994. On application by
the plaintiffs, for leave to appeal, the Supreme Court, in lieu of
granting leave, affirmed in part the judgment of the Court of
Appeals. Rehearing denied 445 Mich 1203.

The Detroit News and the Detroit Free Press sought access in the
36th District Court to a psychiatrist's written report declaring
Benjamin Atkins competent to stand trial. The court, Vesta
Svenson, J., denied the plaintiffs' motion, but provided an
edited copy of the report. The Detroit Recorder's Court, David
Kerwin, J., denied leave to appeal. The Court of Appeals,
DOCTOROFF, P.J., and CAVANAGH and MARILYN J. KELLY, JJ.,
ordered the case remanded to the Detroit Recorder's Court for
additional findings regarding its decision not to allow full
disclosure (Docket Nos. 159314, 159315). The Detroit Recorder's
Court, David P. Kerwin, J., affirmed. After remand, the Court
of Appeals, REILLY, P.J., and MICHAEL J. KELLY and CONNOR,
JJ., affirmed, finding that there is no right of access to a
competency report prepared pursuant to a defendant's request
for a competency hearing (Docket Nos. 159314, 159315). The
plaintiffs seek leave to appeal.

In a memorandum opinion, signed by Chief Justice
CAVANAGH, and Justices BRICKLEY, BOYLE, RILEY, and GRIFFIN,
the Supreme Court *held:*

The Court of Appeals, in concluding that under the facts of
the case there is no right of access to the competency report
at issue, accurately noted that because competency reports
traditionally have been viewed as confidential, public access
would not play a significantly positive role in the determination
of competency. However, its discussion of the statutory
psychiatrist-patient privilege was unnecessary to the resolution
of the appeal.

Affirmed in part.

Justice LEVIN, joined by Justice MALLETT, dissenting, stated
that because the competency report was the basis of the trial

judge's finding that the defendant was competent to stand trial, it should be deemed to have been admitted into evidence without regard to whether it was formally admitted.

202 Mich App 595; 509 NW2d 894 (1993) affirmed in part.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief, Research, Training and Appeals, and *Don W. Atkins,* Principal Attorney, Appeals, for the people.

*Butzel, Long* (by *James E. Stewart, Leonard M. Niehoff,* and *Eugene H. Boyle, Jr.*) for The Detroit News.

*Honigman, Miller, Schwartz & Cohn* (by *Herschel P. Fink* and *Michael A. Gruskin*) for the Detroit Free Press, Inc.

MEMORANDUM OPINION. After preparation of a psychiatric evaluation, the defendant in this criminal case was found competent to stand trial. The decision was based upon the stipulation of the parties and upon a report from the Recorder's Court Psychiatric Clinic.[1]

The Detroit News and the Detroit Free Press sought access to the psychiatrist's written report, but the motion was opposed by the prosecutor, the defendant, and the clinic. After a hearing, the district court denied the newspapers' motion, but did provide them an edited copy of the report.[2]

The newspapers applied for leave to appeal, seeking the full text of the psychiatrist's report.

[1] The report was not marked as an exhibit or admitted into evidence.

[2] The edited copy was several pages long. It briefly explained why the examination was being conducted, and it included background information concerning the pending criminal charges. The copy also included the psychiatrist's conclusions regarding the issue of competency to stand trial.

The Recorder's Court denied leave to appeal after a hearing at which it considered the merits of the dispute.

The Court of Appeals granted the newspapers' applications for leave to appeal, and later affirmed.[3] 202 Mich App 595; 509 NW2d 894 (1993).

The newspapers have now applied for leave to appeal to this Court.[4]

In its opinion of affirmance, the Court of Appeals correctly analyzed this issue in light of the common law and controlling principles of federal law:

> The United States Supreme Court has expressly recognized a "common-law right of access" to judicial records. *Nixon v Warner Communications, Inc,* 435 US 589, 599; 98 S Ct 1306; 55 L Ed 2d 570 (1978). However, the common-law right of access is not absolute and the decision to permit access is left to the discretion of the trial court. *Id.; United States v Beckham,* 789 F2d 401, 409 (CA 6, 1986). Some courts considering the issue have found that where a judicial record by tradition has been confidential, access is granted only upon a showing of important public need or to "serve the ends of justice." *Times Mirror Co v United States,* 873 F2d 1210, 1219 (CA 9, 1989); *United States v Corbitt,* 879 F2d 224, 228 (CA 7, 1989).
>
> In determining whether a qualified First Amendment right of access attaches to a criminal proceeding, the United States Supreme Court has emphasized two complementary considerations. *Press-Enterprise Co v Superior Court,* 478 US 1, [8]; 106 S Ct 2735; 92 L Ed 2d 1 (1986) *(Press-*

---

[3] In the order granting leave, the Court of Appeals also ordered the Recorder's Court to make additional findings regarding its decision not to allow full disclosure. Unpublished order of the Court of Appeals, entered January 7, 1993 (Docket Nos. 159314, 159315). Those findings were made before the Court of Appeals issued its decision in this matter.

[4] They have also filed motions for immediate consideration, which we grant.

*Enterprise II).* See also *Booth Newspapers* [*Inc v 12th Dist Court Judge,* 172 Mich App 688; 432 NW2d 400 (1988)]. The first is whether the place and process at issue have historically been open to the press and general public. Secondly, there is the consideration "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise II, supra* at 8; *Booth Newspapers, supra.* If both questions are answered in the affirmative, a qualified right of access applies to the proceeding, and that proceeding may not be closed unless specific findings are made that " 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.' " *Press-Enterprise II, supra* at 13-14, quoting *Press-Enterprise Co v Superior Court,* 464 US 501, 510; 104 S Ct 819; 78 L Ed 2d 629 (1984) *(Press-Enterprise I).*

Several courts have recognized that the qualified First Amendment right of access may also extend to certain documents submitted in connection with judicial proceedings. *Corbitt, supra; Globe Newspaper Co v Pokaski,* 868 F2d 497 (CA 1, 1989); *In re New York Times Co,* 828 F2d 110 (CA 2, 1987); *United States v Smith,* 776 F2d 1104 (CA 3, 1985); *Baltimore Sun v Thanos,* 92 Md App 227; 607 A2d 565 (1992). We believe that the test enunciated in *Press-Enterprise II* is the proper test to apply in determining whether a qualified First Amendment right of access extends to a particular judicial document submitted in conjunction with a pretrial hearing. However, the right of access to a document submitted for use in a hearing should be considered separately from the right to attend the hearing itself. *Corbitt, supra* at 228-229; *Thanos, supra* at 234, n 4. We conclude that, under the facts and circumstances of this case, there is no right of access to the competency report prepared pursuant to defendant's request for a competency hearing. [202 Mich App 600-601.]

Applying these principles, the Court of Appeals accurately recounted that competency reports that

have not been admitted into evidence have traditionally been viewed as confidential in Michigan, and that public access would not "play[ ] a significant positive role in the functioning of the particular process in question." However, the Court of Appeals attempted to bolster its analysis with a discussion of the psychiatrist-patient privilege stated in MCL 330.1750; MSA 14.800(750).

The discussion of the statutory psychiatrist-patient privilege was unnecessary to the resolution of this appeal. While we approve the remaining portion of the Court of Appeals analysis, the statutory privilege is not a basis for our affirmance.

For the reasons stated in this opinion, we affirm the judgment of the Court of Appeals. MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, and GRIFFIN, JJ., concurred.

LEVIN, J. (*dissenting*). The majority's statement that the "Court of Appeals accurately recounted that competency reports that have *not been admitted into evidence* have traditionally been viewed as confidential in Michigan, and that public access would not 'play[ ] a significant positive role in the functioning of the particular process in question,'" *ante,* pp 740-741 (emphasis added), ignores the following statement by the district judge who was sitting as trier of fact:

I have looked at [the competency report] in it's [sic] entirety. Dr. Rosen [a Recorder's Court Clinic's psychiatrist] indicated that he interviewed Mr. Atkins for approximately 2 hours on September 9th and 10th of this year. . . . *Based on this report, which I have examined in full,* and the stipulations between the parties, I do find Benjamin Thomas Atkins, competent to stand trial on all 3 matters. [Emphasis added.]

Since the competency report was the basis of the judge's decision finding the defendant competent to stand trial, it should be deemed to have been admitted in evidence without regard to whether it was formally admitted in evidence.

I would grant leave to appeal.

MALLETT, J., concurred with LEVIN, J.